*Exhibit A*

Filed 2-26-07

Clerk, U. S. District Court
Western District of Texas
By _____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MELINDA KALANTA AND NICHOLAS KALANTA, BOTH INDIVIDUALLY AND AS NEXT FRIEND OF TYLER KALANTA, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) CIVIL NO. A-06-CA-0479-SS ) ) ) ) ) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of Three Hundred Fifty Thousand Dollars ($350,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to

(2003 Edition)    Page 1 of 12

property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees. The specific means of and conditions to paying this amount are specified in Paragraph 8, below.

   3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for personal injury, survival and wrongful death.

   4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents,

servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto. Plaintiffs will pay the costs and fees of the Guardian Ad Litem or Attorney Ad Litem.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Within three business days after counsel of record for the United States receives (i) this Stipulation signed by all parties to said document; (ii) a court Order approving the settlement on behalf of any legally incompetent adult or minor required to sign this Stipulation waiving and releasing claims or potential claims against the United States; (iii) the Social Security numbers or tax

identification numbers of plaintiffs and their attorneys; and (iv) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Department of the Treasury that the sum of Three Hundred Fifty Thousand Dollars ($350,000.00) (hereinafter "settlement amount") be expeditiously wired to Mesirow Financial Structured Settlements, LLC Escrow Account (LaSalle Bank NA, 135 South LaSalle Street, Chicago, IL  60603, ABA# 071000505, Account #                ). Mesirow Financial Structured Settlements, LLC agrees to distribute the settlement amount, as set forth below in paragraphs 8(a) and 8(b), within five business days after Mesirow Financial Structured Settlements, LLC receives a notice from its bank that the settlement amount has been received into said company's account and has received from plaintiffs a legible copy of each plaintiff's social security card and birth certificate.

a) To the plaintiffs and their attorneys, the sum of One Hundred Forty-Three Thousand Two Hundred Sixty-Four Dollars and Seventy Cents ($143,264.70).

b) To an annuity company, rated at least A+ by A.M. Best rating service, sums sufficient to purchase an annuity contract to make the payments described below.

   Payee: Tyler Kalanta, Male, DOB:

   i) $25,000.00 per year for four (4) years certain only, beginning eleven (11) years and five (5) months after the date the annuity contract is purchased.

   ii) $732.16 per month for the life of Tyler Kalanta, thirty (30) years certain, beginning eleven (11) years and five (5) months after the date the annuity contract is purchased, increasing at 3.0% compounded annually after the first year of payments.

All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

In the event the cost of the annuity described above in paragraph 8(b) has increased or decreased on the date of purchase, the benefits described above in paragraph 8(b) may be adjusted downward or upward to ensure the total settlement is not more or less than Three Hundred Fifty Thousand Dollars ($350,000.00).

Plaintiffs acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiffs or any Payee; nor shall the Plaintiffs or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

In the event of the death of Tyler Kalanta prior to completion of any certain future payments, the remaining certain payments shall be paid when due to the Estate of Tyler Kalanta. Once reaching the age of majority, Tyler Kalanta may request in writing, a change in the beneficiary designation. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the United States. The designation must be in a form acceptable to the United States before such payments are made.

The annuity contract will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the execution of this Stipulation For Compromise Settlement And Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity

payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

The parties stipulate and agree that the annuity company that issued the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

9. Plaintiffs must obtain at their own expense an order of a court of competent jurisdiction approving the settlement as to Tyler Kalanta.

10. The Plaintiffs stipulate and agree that they are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims by private insurance companies, Medicaid, or Medicare. Plaintiffs and their attorneys stipulate and agree that the plaintiffs, by and through their attorneys, will satisfy or resolve any and all liens or claims for payment or reimbursement asserted by any individual or entity before distributing to the plaintiffs any portion of the amount paid pursuant to Paragraph 2, above. The plaintiffs and their attorneys further agree that, no later than ninety (90) days from the date the United States wire transfers the settlement amount, plaintiffs' attorneys shall provide to the United States evidence that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims. The evidence required by the terms of this Paragraph may be satisfied by a letter from

plaintiffs' attorneys representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims.

11. Plaintiffs' attorney agrees to obtain a dismissal of the above-captioned action with prejudice, with each side bearing its own fees, costs, and expenses except as provided herein.

12. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

13. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 26th day of Feb, 2007.

Harold E. Brown, Jr.
Attorney for Defendant,
United States of America

Executed this 20th day of Feb, 2007.

*[signature]*

Michael Archuleta
Attorney for Plaintiff

Executed this 21st day of Feb, 2007.

*Melinda Kalanta*

Melinda Kalanta, Individually and As
Next Friend of Tyler Kalanta
Plaintiff

Executed this 21st day of Feb, 2007.

*Nicholas Kalanta*

Nicholas Kalanta, Individually and As
Next Friend of Tyler Kalanta
Plaintiff

Executed this 23rd day of February, 2007.

*[signature]*
Guardian ad Litem
NEAL W. HARDIN
SBOT 08967500

Executed this 22nd day of Feb, 2007.

*[signature]*

Thomas D. Walsh
Mesirow Financial Structured Settlements, LLC.